GEORGE W. AUSTIN *v.* CLINTON W. STANLEY, ADM'R.

Under the homestead act, a debtor cannot hold a place which was not his home at the time of the levy of his creditor's execution.

WRIT OF ENTRY. Submitted upon an agreed statement of facts.

The demanded premises are in Weare, in this county, and consist of a house and lot of land of the value of five hundred dollars. The defendant claims title by virtue of the levy of an execution in his favor as administrator against the plaintiff on a claim arising since July 4, 1851,

and the plaintiff claims under the " act to exempt the homestead of families from attachment and levy on execution passed July 4, 1851." At the time of the attachment of the premises by the defendant, neither the plaintiff nor his family were in the occupation of the same, nor have they been since, though, at a period some time prior to the attachment, the plaintiff had occupied them. At the time of the levy the plaintiff demanded of the officer a homestead, which he declined to set off. At the time of the attachment and levy the plaintiff had no other real estate, nor any right, title or interest in any ; but he was then with his family living in Winchester, in the county of Cheshire ; but there was a family living in the house on said premises who he claimed were his tenants.

*S. N. Bell*, for the plaintiff.

*Morrison, Stanley & Clark*, for defendant.

Doe, J.    The Homestead Act, ch. 1089, Laws 1851, provides that the family homestead of the head of each family shall be exempt. " Homestead " means home place, or place of the home, and the question whether the premises were exempt from the levy of the defendant's execution, is to be determined by the rules applicable to residence or domicile—rules of familiar and frequent application in questions of right to vote and liability to be taxed.    The statute was specially intended to secure to debtors and their families, the shelter of the homestead roof ; not to exempt mere investments in real estate, or the rents and profits derived therefrom.

Temporary absence from the premises, with intent to retain the home there and to return to it, would not be an abandonment of the home or a relinquishment of the homestead right.    *Davis* v. *Andrews*, 30 Vt. 678 ; *Taylor* v. *Boulware*, 17 Texas 74 ; *Benedict* v. *Bunnell*, 7 Cal. 245 ; *Moss* v. *Warner*, 10 Cal. 296.    It would probably be a reasonable conclusion from the agreed facts, that the premises were not exempt ; but the plaintiff's intention is not stated, and it would seem that it ought to appear in this case.    During the temporary absence, his possession might be retained by agents or servants ; but if he transferred his occupation and right of possession to a tenant, the exemption might cease.

*Case discharged.*