## KENSELL & a. *v.* COBLEIGH & a.

The extent of an execution upon premises in which a homestead right exists, made upon the whole land, disregarding a demand by the party entitled to the homestead to have the same set off and assigned according to the requirements of the statute, is void.

If a creditor, instead of determining the question of the homestead right in the statutory mode, when duly demanded, extends his execution upon the whole property, disregarding the demand for a homestead, he incurs the risk of having his extent defeated in the event the homestead right is maintained.

BILL IN EQUITY, to foreclose a mortgage. Facts found by a referee. The defendant Wayne Cobleigh is justly indebted to the plaintiffs, according to his promissory note, for $397, dated July 6, 1877, payable to the plaintiffs or order, in one year from date, with interest annually, on which date he gave the plaintiffs a mortgage of the land described in the bill, being his homestead place in Groveton, Northumberland. His wife joined in the execution of the mortgage, both parties thereby releasing their homestead rights. April 7, 1877, the real estate described in the bill, and which was subsequently mortgaged as aforesaid, was attached at the suit of the town of Northumberland against Wayne Cobleigh. The writ was duly entered in court, and at the October term, 1879, the plaintiffs in that suit recovered judgment against Cobleigh for $1,535.39 debt, and $179.44 costs. Execution was issued November 21, 1879. December 8, 1879, an appraiser was duly appointed and sworn, and subsequently two other appraisers were duly appointed and sworn. March 8, 1880, $\frac{1035}{1155}$ of the premises were set off on the execution, and seizin and possession were given to the town, and the execution and levy were duly recorded in the Coös Registry of Deeds. February 27, 1880, and before the completion of the levy, Cobleigh and wife made a legal and sufficient written request and demand, on the officer holding the execution, to have a homestead in the premises assigned them, which was refused. The plaintiffs, by their bill, seek foreclosure

of their mortgage, and pray that the premises be sold, and the mortgage debt, at least to the extent of $500, be paid.

The town of Northumberland, by their answer, deny that Cobleigh or his wife had, at the date of their levy, any homestead rights in the premises, alleging that they had removed from said homestead into the state of Vermont, and abandoned the same, and that the legal title to $\frac{1055}{1100}$ thereof is in Northumberland, by virtue of their levy, subject to the right of redemption by Cobleigh and wife therefrom, and that the plaintiffs can hold under their mortgage no more than $\frac{45}{1100}$ of the premises as against Northumberland, unless they redeem from the levy.

The answer of Cobleigh and wife, admitting the execution of the note and mortgage, and also the levy by the town, as alleged, avers that at the date of the mortgage they dwelt upon and occupied the premises as a family homestead, and have never abandoned the same, but still keep and maintain their home and residence thereon, although they are now temporarily absent therefrom. They claim that the levy of the town is void, but that the record thereof is a cloud upon their title, and ask for a decree that the same may be declared void, and that the town be enjoined from meddling or interfering with any portion of said real estate, or its rents and profits, under and by virtue of said levy, and for general relief.

The present absence of Mr. and Mrs. Cobleigh is for the purpose of obtaining, temporarily, a better living and support for themselves and family, and it is not and was not intended as an abandonment of the homestead, or as a waiver of their homestead right; and there is no collusion or arrangement between the Cobleighs, or either of them, and the plaintiffs, by which the former are to acquire the interests of the latter in the premises.

*Ray*, *Drew & Jordan* and *Bingham & Aldrich*, for the plaintiffs.

*Ladd & Fletcher* and *W. & H. Heywood*, for Northumberland.

CLARK, J. An extent may be made subject to the homestead right when no application is made to have a homestead set out and assigned. *Fletcher* v. *The State Capital Bank*, 37 N. H. 369. If a homestead is demanded, and the right is denied, provision is made by *s.* 20, *c.* 138, Gen. Laws, for the determination of the right. If a creditor, instead of determining the question of the homestead right in the statutory mode, extends his execution upon the whole property, disregarding the demand for a homestead, he incurs the risk of having his extent defeated in the event the homestead right is maintained. If the right exists, the extent is void as to the homestead; and being void as to the homestead, it is void as to the residue. The homestead right being exempt

from attachment and levy, or sale on execution, the extent is illegal and wholly void as against the debtor, and no title is acquired by it. *Fogg* v. *Fogg*, 40 N. H. 282; *Tucker* v. *Kenniston*, 47 N. H. 267.

Northumberland claims title to the premises embraced in the plaintiffs' mortgage under a levy of an execution against Cobleigh. The case finds that a homestead right existed in the premises at the time of the levy, and that a legal demand for an assignment of a homestead was denied. The extent, therefore, was void as against Cobleigh, and Northumberland acquired no title by it. The plaintiffs and the town of Northumberland both claim title under Cobleigh, and Northumberland's title fails, and the plaintiffs are entitled to a decree of foreclosure.

*Decree accordingly.*

ALLEN and CARPENTER, JJ., did not sit: the others concurred.