ROGERS *v.* ASHLAND SAVINGS BANK.

There may be a right of homestead in land on which there is no building, but which is occupied as a part of the place of his home by the owner living in a hired house.

DECLARATION (upon Gen. Laws, *c.* 138, *s.* 20) of the grounds of the defendants' denial of a homestead right claimed by the plaintiff. Trial by the court. The plaintiff and her husband (who is the execution debtor) occupy a leased tenement. They own no real estate except the premises in question, upon which there is no building, and which are situated at some distance from their hired house. The court found the plaintiff entitled to a homestead if under the law she can be.

*C. A. Jewell*, for the plaintiff.

*J. L. Wilson*, for the defendants.

DOE, C. J. The question is of the legal possibility of a homestead right in the land under any circumstances consistent with those stated in the reserved case. The exemption may attach in cases in which the debtor " is owner of a homestead, or of any interest therein." G. L., *c.* 138, *s.* 1. If the plaintiff's husband, owning and occupying the house and an adjoining garden, had sold the house and the land under it, but had continued to own and occupy the garden, and as a lessee had remained in the house, the garden might continue to be a part of the place of his home; and adjacency is not a requisite of the homestead right. The question whether the land was a part of the home place, is a question of fact that has been determined at the trial term. *Allen* v. *Chase*, 58 N. H. 419; *Cole* v. *Bank*, 59 N. H. 53, 321.

*Judgment for the plaintiff.*

CARPENTER, J., did not sit: the others concurred.