Sullivan, }
June, 1895. }

## LIBBEY & *a. v.* DAVIS.

Land held under a bond for a deed, and upon which the petitioner does not actually dwell, may be subject to a homestead right.

PETITION, for the set-off of a homestead. Facts found by the court. December 1, 1891, the plaintiffs, two brothers, bought for $400 the Eaton farm, containing one hundred acres and adjoining their mother's homestead, taking a bond for a deed upon the payment of that sum within three years with annual interest. They have ever since occupied and carried it on. On it they have cut firewood, pastured their cattle, raised potatoes and oats, and have cut the grass and stored the hay in their barn. They have not lived in the dwelling on the premises, but for convenience have resided with their mother, but upon what terms does not appear. Upon her place they have used the firewood and fed out the hay to their cattle. On or before November 7, 1894, they paid to Eaton on the bond $255.27, and on that day he conveyed to them the farm. For five years they have held bonds for the conveyance to them of other adjacent lands on the payment of $375, upon which they have paid $100. They have occupied these lands, depasturing them and taking wood therefrom since they have held the bonds. March 3, 1894, the defendant caused the Eaton farm to be attached on her writ against the plaintiffs. September 26, 1894, Eaton, upon her demand, rendered an account of the amount due him on the bond, which amount she paid to him before November 7, 1894. She obtained

judgment and execution against the plaintiffs, and November 1, 1894, commenced a levy on the farm. The court found that the plaintiffs were entitled to a homestead, and the defendant excepted.

*Albert S. Wait*, for the plaintiffs.

*George R. Brown*, for the defendant.

CARPENTER, J. "Every person is entitled to five hundred dollars worth of his homestead, or of his interest therein, as a homestead right." P. S., c. 138, s. 1. A right to receive a conveyance by virtue of a contract is an interest in land upon which creditors may levy, and which may be subject to a homestead right. P. S., c. 220, s. 8. The defendant's payment to Eaton of the amount due on the bond (P. S., c. 220, s. 8) is immaterial. It could not deprive the plaintiffs of, or affect their right to, a homestead. To entitle one to a homestead right it is not essential that he actually dwell on the land in which it is claimed. Upon the evidence, it was competent for the court to find that the Eaton farm was actually and conveniently used by the plaintiffs in connection with the house where they lived, and was necessary to the convenient enjoyment of the house by them as a home. *Buxton* v. *Dearborn*, 46 N. H. 43, 44, 45; *Cole* v. *Bank*, 59 N. H. 53, 321; *Nichols* v. *Nichols*, 62 N. H. 621; *Rogers* v. *Bank*, 63 N. H. 428.

*Exceptions overruled.*

All concurred.