Rockingham, }
Jan. 6, 1925. }

### ALFRED J. AVERY & a. v. LAVADA DAVIS.

A petition to establish a homestead right may be brought after levy of execution upon the property in which the right is claimed.

There is a homestead right in favor of a debtor and his family in premises actually and conveniently used at the time of the attachment by the debtor's family, in connection with the house in which they live, although the debtor himself makes no use of the premises.

PETITION, to establish a homestead right. Trial by the court. The defendant is an execution creditor of the plaintiff Alfred. The other plaintiffs are Alfred's wife and minor child. The premises in question consist of land and a small building, all of the value of $250. The building was originally a meat market and later was used as a dwelling. At and before the time the defendant made his attachment, the premises were unoccupied except that Alfred's wife and son spent the days there during the warmer parts of the year, returning at night to the house where Alfred lived with his grandfather, in a house owned by the latter. The wife pursued the above described mode of life because of unpleasant conditions at the grandfather's house, and she had moved some furniture into the building in question. What she did in those respects was acquiesced in by her husband. After the levy had been made and before this petition was filed, the wife and child established their home upon the premises. Other facts are stated in the opinion. Subject to exception, the superior court (*Branch,* C. J.) found that there was a homestead.

*John Scammon* and *Perley E. Gardner,* for the plaintiffs.

*William H. Sleeper,* for the defendant.

PEASLEE, C. J. Objection is made that the petition was filed too late. The execution was issued in 1918 and a levy was made, but not recorded. A stay of proceedings was ordered and continued in force until March, 1924, and this petition was filed in April, 1924. The defendant evicted the plaintiffs in August, 1924.

Upon recommendation of the commissioners in 1891, important changes were then made in the method of establishing a homestead upon petition under the statute. Comrs. Rep., P. S., *c.* 137, *ss.* 6, 7, 12, 13, 16; P. S., *c.* 138. Under the earlier statute it was incumbent upon the applicant to make a "request in writing" to the officer

about to levy, in order to take advantage of the statutory provisions for setting off the homestead in that proceeding. G. L., c. 138, s. 7. But failure to take this step did not destroy the homestead right. It might still be secured "by resort to other forms of proceeding." *Currier* v. *Sutherland*, 54 N. H. 475, 485, and cases cited. The failure to make the request in writing justified the officer in proceeding with the levy, but the levy did not settle the question of the existence of a homestead, or extinguish the right, if one existed. That issue was frequently litigated in a subsequent proceeding.

The object of the changes made in 1891 was to simplify the procedure. Comrs. Rep., P. S., *p.* viii. To effect this purpose, the provision requiring a written application to the officer was stricken out, and the duty to make a set-off to the debtor or his family was put upon the officer when "required to levy an execution on the debtor's homestead." P. S., c. 138, s. 6. A new section was added providing in general terms for the establishment and setting off a homestead upon petition. P. S., c. 138, s. 16. There is no provision as to when such petition must be filed. In the present case it is found that the plaintiffs acted seasonably. There is no suggestion that the creditor lost anything by the delay, or that the conduct of the petitioners misled him in any respect. Whether they might be estopped if their conduct induced loss to the creditor is a question which is not presented here.

The petitioners' homestead right was not terminated by the levy. It existed thereafter as it did before, and so long as it continued in fact it could be asserted. It might be terminated by the death of the occupants or by their abandonment of it, but otherwise they could begin proceedings to establish the right at any time. Before 1891, the proceeding, if no demand had been made upon the officer, was not under the statute relating to the levy of an execution, but in other ways. One object of the changes made in 1891 appears to have been to provide a common means by which the question could be settled either before or after the levy. The petition provided for by P. S., c. 138, s. 16 can be brought at any time during the continuance of the right. The petitioners continued to have and to exercise the right until after the petition was filed. If possession is of importance, the question is disposed of by the fact that they were not turned out of possession until some months later, and were clearly within their rights in bringing the petition when they did.

This conclusion is not to be understood to imply that the petitioners, or the debtor, may not have the right to question the levy

upon other and broader grounds. The property being in fact the debtor's homestead, upon which the officer made the levy without taking any proceedings to set the homestead off (P. S., c. 138, s. 6), it may be that the whole levy was void, under the authority of the earlier cases relating to a levy in disregard of the debtor's statutory demand. *Kensell* v. *Cobleigh*, 62 N. H. 298, and cases cited. But the present petition does not ask for relief upon that ground. The prayer is merely for the establishment of the homestead for the lives of the husband and wife and the minority of their child.

The defendant also claims that there was no homestead in the premises. The petitioners occupied the property in question as a part of their home. This entitled them to claim a homestead therein. "To entitle one to a homestead right it is not essential that he actually dwell on the land in which it is claimed." If the property in question was "actually and conveniently used by the plaintiffs in connection with the house where they lived," it is competent for the court to find that a homestead therein existed. *Libbey* v. *Davis*, 68 N. H. 355, 356. The fact that the petitioner lives in a house not his own does not prevent the acquisition of a homestead right in other property used by him. *Rogers* v. *Bank*, 63 N. H. 428.

Objection to the finding that a homestead existed is also put upon the ground that the occupancy was that of the debtor's wife and child, and not by himself. It is found that their occupancy was assented to by him. It was a part of the family mode of life, and it can make no difference, upon the legal question of the sufficiency of the evidence to sustain the finding, that the occupancy was by one part of the family rather than another. In the language quoted above, it was "actually and conveniently used" in connection with their home.

The reasoning in *Meader* v. *Place*, 43 N. H. 307, 308, relied upon by the defendant, has no application to the present situation. The question there under consideration was that of abandonment of one homestead by the head of the family, and the establishment of a new one. In the present case the husband had no homestead other than in the land in controversy, and the question of abandonment does not arise.

The defendant's claim that acts done after he had acquired a lien upon the premises by an attachment cannot enlarge the plaintiff's rights, as against him, does not require consideration. The finding that a homestead existed is expressly put upon the ground that the acts done before the attachment was made established the right.

Other exceptions stated in the case have not been referred to by counsel, and are understood to be waived.

*Exceptions overruled.*

All concurred.