**In re Alfred MIRULLA, Debtor.**

**Bankruptcy No. 93–10167–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Jan. 7, 1994.

Peter J. Saari, Casassa & Ryan, Hampton, NH, William S. Gannon, Charles F. Cleary, Wadleigh, Starr Offices, Manchester, NH, for debtor.

Deborah Schachter, NH Legal Assistance, Manchester, NH, for Donna Langlois.

Dennis Bezanson, Manchester, NH, Trustee.

*MEMORANDUM OPINION*

MARK W. VAUGHN, Bankruptcy Judge.

On January 22, 1993, Alfred Mirulla, the debtor and respondent herein, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In his petition, the debtor claimed a homestead exemption of $30,000.00 pursuant to N.H. RSA 480:1.

On March 25, 1993, within the period for filing objections to claimed exemptions, the movant, a creditor holding a judicial lien and a party in interest, filed an objection to the debtor's list of exempt property as required by 11 U.S.C. § 522(*l*) of the Bankruptcy Code.

On June 11, 1993, pursuant to an order of this Court, the parties filed an agreed statement of facts. Included in that statement were the following facts:

1. Debtor and his wife, Beatrice Mirulla, as joint tenants, are the owners of the following property in Hampton, New Hampshire:

    a. A three-story hotel located at 7A Street, Hampton, New Hampshire, consisting of thirty-two rooms (hereinafter, the "Hotel"); and

    b. A two-story motel located at 9A Street, Hampton, New Hampshire, consisting of fourteen rooms (hereinafter, the "Motel")....

5. Debtor, his wife and their adult daughter have resided in five rooms in the Hotel for the past year. Two of these five rooms are undergoing renovation.

6. Debtor has maintained these five rooms as his principal residence, has not

vacated the premises during the past year, and intends to continue to reside upon these premises. Debtor currently owns no other home, residence or real estate.

7. Debtor intends to rent out the fourteen rooms in the Motel this summer to third parties, as he has each summer since purchasing the property.

8. Although a fire has damaged portions of the Hotel, Debtor intends to renovate and lease the Hotel rooms....

The Court heard oral arguments on December 13, 1993, at which argument the parties stipulated that there was no equity in the properties.

*DISCUSSION*

■ The legal right to a homestead exemption is to be determined by N.H. RSA 480:1, the State of New Hampshire having elected to opt out of the federal exemption provisions. *See* N.H. RSA 511:2–a. The homestead right was created by the legislature as a matter of public policy and is to be construed liberally. *Currier v. Woodward,* 62 N.H. 63, 66 (1882). The homestead is determined as of the date of the filing of the petition. *In re Eckols,* 63 B.R. 523, 526 (Bankr.D.N.H.1986). The nature of the "homestead" is not defined in the statute and there are surprisingly few New Hampshire cases construing the homestead right.

In the instant case, the debtor seeks to claim a homestead exemption in a fourteen room motel located at 9A Street, Hampton, New Hampshire, and in a thirty-two room hotel located at 7A Street, Hampton, New Hampshire, in the latter of which the debtor occupies five rooms. It is agreed that the debtor has occupied these five rooms as his principal residence for over a year and intends to continue to reside there. In support of his contention that both of the entire parcels are his homestead, the debtor cites *Libbey v. Davis,* 68 N.H. 355, 34 A. 744 (1895), which held that a separate parcel adjacent to the parcel where the party claiming the homestead actually lived was part of its homestead since it was necessary to the "convenient enjoyment of the house by them as a home." *Id.* at 356, 34 A. 744.

The movant cites *Hoitt v. Webb,* 36 N.H. 158 (1858) for the proposition that the New Hampshire Supreme Court determined long ago that the homestead was the family "house" or "home" as commonly understood and, since the property claimed in the instant case as exempt was not a "home" or "house", it cannot be homestead property.

I have no doubt that both cases were right when they were decided. Unfortunately, they were both decided in the 1800s and times have changed dramatically, including the types of habitable structures and their means of ownership. When *Libbey* was decided, the adjoining parcel was used as part of the homestead as then commonly understood for food and sustenance as part of a working farm. The debtor makes the argument that this is analogous to his use of the rental proceeds from the hotel and motel rooms in the Hotel and the Motel, to allow him to reside in the five rooms he now occupies. This Court does not believe that analogy to be correct as the income necessary to support the debtor could be from any hotel rooms, whether located adjacent to the rooms where he resides, down the street, or even in another city or state. Unlike the use of adjoining land for the growing of crops, pasturing of cattle, and cutting of firewood in 1895, the income from these particular rooms is not necessary to the convenient use of the five rooms in which he resides.

Likewise, when *Hoitt* was decided in 1858, the common form of residence was the free standing house or home. There surely were no motels or condominiums, and large hotels, if any, were the exception.

Based on the above and the reasoning of the more recent cases cited by the movant that a homestead may be part of a structure and not the entire structure or only one of multiple structures on a single lot, *In re Wierschem,* 152 B.R. 345 (Bankr.M.D.Fla. 1993) (one of five rental units exempt); *In re Hager,* 74 B.R. 198 (Bankr.N.D.N.Y.1987) (13.08% of residence used for business purpose not exempt); *In re Aliotta,* 68 B.R. 281 (Bankr.M.D.Fla.1986) (one of four rental units exempt); *In re Rodriguez,* 55 B.R. 519 (Bankr.S.D.Fla.1985) (rental portion of free standing one-story building not exempt); *In*

*re Evans,* 51 B.R. 47 (Bankr.D.Vt.1985) (one of four buildings on non-subdividable parcel not exempt), this Court finds that the debtor has a right to claim a homestead interest in only the five hotel rooms in which he resided at the time of filing his bankruptcy petition. The remaining twenty-seven rooms of the property known as 7A Street and the entire property known as 9A Street were not the debtor's homestead at the date of the filing of his petition.

The only other argument raised by the movant is that, since there is no equity in the property claimed as the homestead, under the finding of *In re DeLiquori,* 146 B.R. 52 (Bankr.D.N.H.1992), there is no homestead interest of the debtors to protect and, thus, the movant's judicial lien cannot be avoided. However, that issue is not before this Court, the debtor having not filed a motion to avoid the movant's judicial lien, this decision only maintains the status quo of the parties and the lien, not having been avoided, remains.

Accordingly, a separate order will be entered limiting the debtor's claimed homestead exemption to the five rooms which he occupied on January 22, 1993, the date of the filing of his Chapter 7 petition.