**In re Svend–Erik FILBY, Debtor.**

**Julianne E. KILBURN, Plaintiff,**

**v.**

**Svend–Erik FILBY, Defendant.**

**Bankruptcy No. 97–12775–MWV.**
**Adversary No. 97–1346–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

Sept. 25, 1998.

Geraldine Karonis, Asst. U.S. Trustee, Manchester, NH, for UST, J. Christopher Marshall.

William E. Conner, Law office of William E. Conner, West Lebanon, NH, for Svend–Erik Filby.

Victor W. Dahar, Manchester, NH, Trustee.

Allen Dublin, Gilford, NH, for Julianne Kilburn.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

The Court has before it the complaint of Julianne E. Kilburn ("Plaintiff" or "Kilburn") objecting to the Debtor's discharge under § 727 of the Bankruptcy Code and two contested matters: (1) Kilburn's objection to certain claimed exemptions of the Debtor; and (2) the Debtor's motion for damages resulting from a violation of the automatic stay. For the reasons stated below, the Court: (1) denies Kilburn's complaint; (2) denies the motion for a violation of the automatic stay; and (3) denies the objection to claimed exemptions, except that the homestead exemption is modified as described further below.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

### I. *Kilburn Complaint*

The complaint alleges it is grounded on § 727(a)(2), (4) and (5) and § 523 of the Bankruptcy Code. At the start of the trial, it was agreed that there was no claim under § 523.

■ With respect to § 727(a)(2), the complaint itself alleges a transfer within four years. Since § 727(a)(2) requires the alleged transfer to be within one year of the filing, 11 U.S.C. § 727(a)(2)(A) (limiting the conduct in question to within one year of the filing), the claim under § 727(a)(2) is denied. The Court would further find that the transfer in question was done for estate planning purposes and not with the intent to hinder, delay or defraud the Debtor's creditors.

■ Section 727(a)(5) requires a finding that the Debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtor's liabilities. At best, at trial the evidence showed an inconsistency in the value of certain assets, but no loss or deficiency. To the extent there is a claim under § 727(a)(5), it is denied.

The trial specifically concerned the allegations under § 727(a)(4) that the Debtor knowingly and fraudulently made a false oath or account by not including certain items in his bankruptcy schedules, specifically the transfer of a 1992 Saab within one year of the filing, a mortgage to Lake Sunapee Bank and, at trial, a debt owed to his half-brother.

#### A. *1992 Saab.*

■ The Debtor testified that the transfer in question was a trade-in to a car dealer for a 1997 Saab. He further testified that the transfer was to take advantage of a 1.9% interest rate and the omission from the schedules was because he believed it to be a transaction in the ordinary course of business. There was no evidence of any fraudulent intent on the part of the Debtor, and the allegations under § 727(a)(4) must fail.

#### B. *Mortgage to Lake Sunapee Bank.*

■ The Debtor's testimony was that this mortgage was on property in which he owns a one-half interest, but is occupied by his mother. He also testified that his failure to list it was an honest mistake. The Court finds this explanation reasonable and, thus, the allegation under § 727(a)(4) must also fail.

#### C. *Debt to Half–Brother.*

■ Finally, at trial, the Plaintiff produced an April 4, 1997 affidavit filed in the Grafton County Superior Court, which showed a debt owed to the Debtor's half-brother in the amount of $7,680. This debt was not scheduled in the Debtor's bankruptcy petition. The Debtor did testify that he deliberately did not list it, but explained that the reason for not listing it was that his half-brother had told him he did not have to repay it. There was no evidence to the contrary. This failure to list satisfies the "knowingly" requirement of § 727(a)(4). However, to deny this Debtor his discharge, the omission must also be "fraudulent." *See* § 727(a)(4). The Court accepts the Debtor's explanation and finds no

evidence of fraud and, thus, this allegation also fails.

## II. *Violation of the Automatic Stay*

■ The following is a scenario that should never have happened. The question before this Court is whether the Debtor should be awarded damages under § 362(h) of the Bankruptcy Code based on this scenario. *See* 11 U.S.C. § 362(h) ("actual damages, including costs and attorneys' fees, and in appropriate circumstances, ... punitive damages[,]" are recoverable for willful violations of the automatic stay).

The facts are as follows. Kilburn obtained a judgment against the Debtor on September 24, 1996, in the total amount of $12,586.51. On April 4, 1997, the Grafton County Superior Court ordered the Debtor to make periodic payments. No payments were made. On June 10, 1997, Kilburn filed a motion for contempt, which was set for a hearing on July 23, 1997.

On the representation that the Debtor was going to file bankruptcy, the July 23, 1997 hearing was continued until July 30, 1998. On July 24, 1997, Kilburn filed a "Renewed Motion for Contempt and Motion to Reconsider Continuance." The Debtor filed his bankruptcy petition on July 29, 1998. The Debtor informed Kilburn's counsel and faxed a copy of the petition to her. Debtor's counsel also gave the Grafton County Superior Court telephonic notice of the filing. The court, not having received a "written suggestion of bankruptcy," held the July 30 hearing at which Kilburn's counsel appeared, but neither the Debtor nor his counsel appeared. Kilburn's counsel informed the court that she had received the fax of the petition the day before. However, the court, indicating that telephonic notice was insufficient, issued a *capias*[1] for the Debtor's arrest. On July 31, 1997, the Debtor, through his counsel, filed a motion for reconsideration of the court's July 30 order. Kilburn filed a response and objection to that motion, and a hearing was set on August 6, 1997. Between July 31 and August 6, the Debtor, without the knowledge of his counsel, voluntarily appeared at the sheriff's office and was briefly incarcerated.

A hearing on the motion for reconsideration was held on August 6, 1998, at which time the court indicated that it believed telephonic notice was not sufficient. At the July 30 hearing, counsel for Kilburn brought to the Grafton County Superior Court's attention case law to support the proposition that "a contempt citation intended to uphold the dignity of the court should not be stayed under the Bankruptcy Code § 362A, even though the contempt judgment is payable to the opposing party ...." (Def.'s Ex. 210 at 12, Ins. 17–20; August 6, 1997 Hearing Transcript in Grafton County Superior Court) (quoting *Stovall v. Stovall,* 126 B.R. 814, 815 (N.D.Ga.1990)).

As a result of the August 6 hearing, the court scheduled a further hearing for contempt on August 29, 1997. On August 11, 1997, the Debtor filed a motion for reconsideration, to which Kilburn objected on August 19, 1997. As a result of an order dated August 25, 1997, which is not in the record, the court then canceled the further contempt hearing. On September 5, 1997, Kilburn filed a motion for reconsideration of that order canceling the contempt hearing to which the Debtor objected on September 11, 1997. The Debtor, in his motion, specifically cites Kilburn's response to the Debtor's July 31 motion for reconsideration and statements made by Kilburn's counsel at the August 6, 1997 hearing as being violations of the automatic stay. This Court disagrees.

First, there is no automatic stay until a bankruptcy petition is filed and, thus, all matters prior to July 29, 1997 are not subject to the § 362 automatic stay. Subsequent to the filing, at least until September 5, 1998, all of the actions of Kilburn's counsel were defensive or responsive. The court elected not to cancel the July 30 hearing. Apparently afraid of the ramifications if she didn't attend the July 30 hearing, counsel for Kilburn attended and even informed the court that she had been faxed a copy of the Debtor's petition. This was evidently insufficient for the court which, rightly or wrongly, required notification to the court in writing. Thus, the July 31 motion for reconsideration was filed

---

1. A *capias* is a writ requiring an officer to take a defendant into custody.

by the Debtor to which Kilburn replied and attended the hearing on August 6, 1997. This Court finds that because the Grafton County Superior Court would not stay the proceeding as, arguably, required by § 362 of the Bankruptcy Code, that counsel for Kilburn had no alternative but to respond and appear.

Second, at the August 6 hearing, counsel for Kilburn did raise the issue that a hearing on contempt of a pre-bankruptcy order to protect the dignity of the court is not a violation of the automatic stay. This Court has adopted that position in two cases, and does so again today.[2] In short, this Court feels that Kilburn's counsel was put in a position by the Grafton County Superior Court, requiring her to respond and appear, at least through September 5 when she brought a motion for reconsideration. However, the Debtor has not alleged the September 5 pleading as a violation, and this Court finds that he is now barred from doing so on the theory of *res judicata* in that it could have, and should have, been raised in the initial motion for violation. For the above reasons, the motion for violation of the automatic stay is denied.

### III. *Objections to Exemption*

Kilburn has objected to certain exemptions of the Debtor in the two pieces of real estate in which the Debtor has an ownership interest and personal property, including furniture and office equipment. The objection itself goes to the value of the exempted property rather than the validity of the exemption itself. However, at trial, the movant objected to the homestead exemption on two other grounds: (1) that the Debtor only had a one-half interest in the property; and (2) that the real estate claimed as the homestead was, in fact, a duplex, half of which was rented by the Debtor to a third party and not occupied by the Debtor.

On the issue of value, the movant relied on the April 4, 1997 affidavit in the Grafton County Superior Court, which had higher values for the exempted property.

At trial, the Debtor testified that he was not prepared to fill out a financial affidavit at the April 4, 1997 hearing, but was required to do so. He did not have any financial records to assist him, and he so informed the superior court. By contrast, in filling out his bankruptcy schedules, the Debtor had the benefit of his records and was instructed by counsel to be as precise as possible. The Debtor produced a 1996 appraisal by the Town of Lebanon from which the Debtor took the real estate values used in the bankruptcy petition. This evidence was admitted without objection and no contrary evidence of value was entered by the movant other than the April 4, 1997 affidavit. Based on the record, the Court accepts the value used in the bankruptcy schedules and denies the objection based on value. On the homestead exemption, it is uncontroverted that the Debtor resides in only one-half of the premises. Consistent with this Court's holding in *In re Mirulla*, 163 B.R. 910 (Bankr.D.N.H.1994), I find that the homestead exemption can only be claimed on the half of the premises in which the Debtor resides. This would reduce the claimed exemption based on the homestead statute by one-half, or an allowed exemption of $4,598.50. The fact that the Debtor only owns a one-half interest has no bearing on his right to claim a homestead interest as long as he resides in the premises.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

---

**2.** Though unreported, the Court notes that it has decided similarly in two previous cases: *Martinez v. Buckley (In re Martinez)*, Case No. 96–12686–MWV, Adv. No. 97–1365–MWV (Bankr. D.N.H. July 1, 1998) (granting the Defendant's summary judgment motion because there was no violation of the automatic stay and this issue was properly raised and adjudicated by the state court); and *Chrusz v. Chrusz (In re Chrusz)*, Case No. 95–11426–MWV, Adv. No. 95–1134–MWV (Bankr.D.N.H. July 10, 1996) (holding that a contempt proceeding to enforce divorce obligations is not a violation of the automatic stay under 11 U.S.C. § 362(a)).