**In re James Nicholas TSOUPAS and Janice Ellaine Tsoupas, Debtors.**

**No. 99–13730–MWV.**

United States Bankruptcy Court, D. New Hampshire.

June 26, 2000.

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for J. Christopher Marshall.

Grenville Clark, Gray, Wendell & Clark, PC, Manchester, NH, for debtors.

Arthur M. Connelly, Manchester, NH, for Mary O'Connell.

James W. Donchess, Donchess & Notinger, Nashua, NH, for trustee, Steven Notinger.

Steven Notinger, Donchess & Notinger, Nashua, NH, for trustee.

### MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the trustee's objection to Debtor James Tsoupas' ("James") claimed homestead exemption.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

The facts are as follows. On December 2, 1999, James and his wife, Janice (collectively, the "Debtors"), filed a petition under Chapter 7 of the Bankruptcy Code. At the time of the filing, the Debtors resided in one of three apartments, known as 15–17 Ash Street, Manchester, New Hampshire, which were owned by James's father, who also lived in one of the apartments. Prior to the expiration of 180 days from the filing of the petition, James's father died leaving him with a one-half interest in the apartment building. On April 13, 2000, the Debtors, through counsel, filed amendments to their schedules listing the one-half interest. James also claimed a homestead exemption in the one-half interest.

The trustee objected to the claimed exemption in the one-half interest in the entire premises citing this Court's opinion in *In re Mirulla*, 163 B.R. 910 (Bankr. D.N.H.1994), arguing that the exemption could only apply to the portion of the premises in which James resides, which equals twenty-five percent of the square footage of the entire premises. James countered by arguing that if he is permitted to claim a homestead exemption in

only the apartment in which he resides, the homestead interest should be valued based on the rental value of each apartment. James submitted a letter from a realtor indicating that his apartment and the other second floor apartment could be rented for $600 each and the first floor apartment for $850. Using this method, the value of James's apartment would be equal to 29.27% of the whole.

The Court first finds that there is insufficient evidence to support a finding that James has any homestead interest in the premises other than in the apartment in which he resides. The only evidence was that the Debtors' daughter resided in one of the downstairs bedrooms for a period of time, but that arrangement had ceased three years prior, and there was no evidence of any intent to return.

It is uncontested that James now owns a one-half interest in the building. It is also uncontested that he resides in one of the upstairs apartments and that it is his homestead. In valuing this homestead, the Court finds that the better method is in using the ratio that the square footage of the apartment bears to the square footage of the entire premises, in this case, twenty-five percent. The Court uses this method because it is easily ascertainable and not the result of an opinion of rental value to which there may be differing opinions. *See In re Wierschem,* 152 B.R. 345, 349 (Bankr.M.D.Fla.1993). Therefore, the Court finds that James has a homestead which is equal to his one-half interest in twenty-five percent of the net value of the premises.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.