**In re Donald R. MYERS, Gail M. Myers, Debtors.**

**No. BK 04–14596–JMD.**

United States Bankruptcy Court, D. New Hampshire.

April 1, 2005.

Sandra A. Kuhn, Esq., Family Legal Services, P.C., Concord, NH, for Debtor.

Mark P. Cornell, Esq., Concord, NH, for Michael Askenaizer, Chapter 7 Trustee.

## MEMORANDUM OPINION

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

The Court has before it the Objection to Debtors' Claim of Homestead Exemption dated February 18, 2005 (Doc. No. 10), as amended on March 3, 2005 (Doc. No. 13), (collectively the "Objection") filed by Michael Askenaizer, the chapter 7 trustee ("Trustee") in this case.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. FACTS

Donald and Gail Myers (collectively the "Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code[1] on December 31, 2004. In schedule A, the Debtors listed joint ownership of land and buildings in Manchester, New Hampshire (the "Property"). The Property was valued at $199,000.00 and is subject to a mortgage lien in the amount of $64,709.68, resulting in an equity interest in the amount of $134,290.32. Pursuant to section 522(b)(2), the Debtors claimed the equity in the Property as exempt under the homestead provisions of state law.[2] The meeting of creditors was held on February 4, 2005, and the Trustee timely filed the Objection to the Debtors' claim of an exemption in all of the equity in the Property. The Debtors filed their Response (Doc. No. 14) and the Court held a hearing on March 30, 2005.

The Property is a duplex in which the Debtors reside in one unit and Mrs. Myers' mother (the "Parent") resides in the other unit. The Trustee contends the Debtors may only claim a homestead exemption in the portion of the Property in which they reside. *In re Tsoupas*, 250 B.R. 466, 468 (Bankr.D.N.H.2000) (debtor may only claim a homestead exemption in the apartment unit in which he and his family reside); *Kilburn v. Filby (In re Filby)*, 225 B.R. 532, 536 (Bankr.D.N.H. 1998) (debtor may only claim a homestead in the one duplex unit in which he actually resides); *In re Mirulla*, 163 B.R. 910, 912 (Bankr.D.N.H.1994) (debtor may claim a homestead exemption in 5 of 32 rooms in a hotel where he actually resided).

At the hearing, the Debtors made an offer of proof that the Property was purchased in 1994 with the intent that the Parent would live in the second unit due to the necessity for the Debtors to care for her, that she has continuously occupied the

---

1. In this Opinion the terms "Bankruptcy Code" or "§ " mean title 11 of United States Code.

2. Under New Hampshire law, NH RSA 480:1, each person is entitled to an exemption of $100,000.00 worth of their homestead. Accordingly, the Debtors could have claimed up to $200,000.00 of equity in their jointly owned homestead as exempt.

second unit prior to the petition date without any payment of rent to the Debtors, and that the Debtors provide her with daily care and support. The Debtors also contend that the care and support they provide to the Parent consist of personal hygiene, most meals, assistance with doctor visits, shopping and some household upkeep and homemaking services. The Debtors argue that the Parent lives in the Property with them as part of their family and is a *de facto* dependent. The Trustee does not dispute the Debtors' offer of proof or the nature of the care and support they claim to provide.

## III. DISCUSSION

The Trustee argues that the nature of the Property, as a duplex, and the admission by the Debtors that they only use one of two units as their residence, compels the Court to find that no homestead exemption exists in the equity properly allocated to the unit occupied by the Parent. The Trustee admits that under a hypothetical unique set of facts or circumstances a debtor's use of a house or parcel might lead to a homestead exemption in multiple units or parcels but argues that such facts are not present in this case. The Debtors contend that, because the Parent is dependent on them for financial support as well as the personnel services they provide, she is part of their family. Therefore, the Debtors, and their dependents and family, occupy the whole of the Property and qualify for a homestead exemption. Under the Debtors argument the nature of the Property as two separate units is of no consequence. It is the actual use by the Debtors that controls.

 The homestead claimed by the Debtors was created by the New Hampshire legislature as a matter of public policy and is to be construed liberally. *Mirulla*, 163 B.R. at 911, citing *Currier v.*

*Woodward*, 62 N.H. 63, 66, 1882 WL 10846 (1882). The New Hampshire homestead statute was "intended to secure to debtors and their families, the shelter of the homestead roof; not to exempt mere investments in real estate, or the rents and profits derived therefrom." *Austin v. Stanley*, 46 N.H. 51, 52, 1865 WL 3038 (1865). The homestead has been defined as "the home, the house, and the adjoining land, where the head of the family dwells; the home farm. It does not extend to other tenements, lots and farms, that are not occupied personally by the owner and his family; houses in which they do not dwell, and farms on which they do not live." *Hoitt v. Webb*, 36 N.H. 158, 166, 1858 WL 3152 (1858). Under New Hampshire law the homestead need not be a single parcel of land on which the debtor dwells. It is enough if the parcel is "actually and conveniently used by the [Debtors] in connection with the house where they lived, and was necessary to the convenient enjoyment of the house by them as a home." *Libbey v. Davis*, 68 N.H. 355, 356, 34 A. 744 (1895).

 The policies underlying the New Hampshire homestead exemption have been applied to exclude from the exemption that portion of a building or parcel not actually utilized by a debtor or his family as a residence, *Cole v. Laconia Savings Bank*, 59 N.H. 53, 54 (1879), and those portions which are utilized to generate rental income from third parties, *Kilburn v. Filby (In re Filby)*, 225 B.R. 532, 536 (Bankr.D.N.H.1998); *In re Tsoupas*, 250 B.R. 466, 468 (Bankr.D.N.H.2000); *Mirulla*, 163 B.R. at 912. The cases excluding portions of a building or a parcel not occupied by a debtor and his family have been determined upon the actual use of the building or parcel by the debtor, not the nature of the building or parcel. Accordingly, the Court shall examine the Debtors'

actual use of the Property in light of the public policy considerations that underlie the New Hampshire homestead exemption.

■ The parties agree that the Parent is dependent upon the Debtors for financial and personnel support, that the Debtors purchased the property eleven years ago for the purpose of allowing the Parent to live under the same roof in order to facilitate their ability to care for her. During the eleven years the Debtors have owned the Property, the second unit has been occupied solely by the Parent and no rental income has been paid to the Debtors. Therefore, the Court concludes the Debtors have never actually used the second unit for the production of income or as an investment. It is undisputed that the Debtors and the Parent live together as a family within the meaning of the New Hampshire homestead statute.[3] The Trustee has not raised any allegation that the Parent could live independently of the Debtors or that the current living arrangements are of sufficient recent origin to suggest the Debtors might be attempting to "game the system."

The Court finds that the Debtors and the Parent are living together in the Property as a family unit and that the Debtors are not utilizing any portion of the Property for the generation of rental income. New Hampshire law requires actual occupancy and use of a house or parcel by a debtor and his family in order to establish and maintain a homestead interest. It is the actual use of the Property by the Debtors that is the controlling factor. The Debtors' actual use of the Property enti- tles them to a homestead exemption under New Hampshire law.

## IV. CONCLUSION

The Court will issue a separate order overruling the Objection. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.

---

**3.** The fact the Parent is a close relative to the Debtors supports the determination that the Debtors and the Parent live together as a family unit but is not controlling. It may well be that a close relative could occupy a second living unit under circumstances which would not support a finding that they live with a debtor as a family unit. The determination of what constitutes a debtor's family, for purposes of the New Hampshire homestead exemption, will depend on the facts and circumstances of each case and the actual living arrangements and use of a particular property by a debtor and his family.